```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**DAVID R. BROWN,**

                      **Petitioner,**

        v.                          **CASE NO. 05-3160-SAC**

**RAY ROBERTS, et al.,**

                      **Respondents.**

### O R D E R

Petitioner, a prisoner incarcerated in El Dorado Correctional Facility in El Dorado, Kansas, proceeds pro se on a petition for writ of habeas corpus filed under 28 U.S.C. 2254. By an order dated April 13, 2005, the court dismissed the petition as time barred. Before the court is petitioner's "Motion for Hearing and/or Reconsideration" (Doc. 8), dated and submitted for mailing on June 8, 2005. Also before the court is petitioner's motion for leave to proceed in forma pauperis (Doc. 7).

In his habeas application, petitioner challenged his confinement pursuant to convictions on 1981 and 1996 state criminal charges, and claimed the denial of due process and equal protection guarantees in these criminal proceedings by appointed counsels' failure to file appeals. The court dismissed the application as time barred, noting the one year limitation period imposed by 28 U.S.C. 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA) on April 24, 1996, and the

one year grace period from that date that was extended to petitioners challenging pre-AEDPA convictions. The court found petitioner's 2004 application clearly exceeded the one year statutory period in 28 U.S.C. 2244(d)(1), and found petitioner's delay[1] in presenting his claims did not reflect the diligence required for equitable tolling of the limitation period.

In his "Motion for Hearing and/or Reconsideration," petitioner essentially argues the AEDPA limitation period for his state conviction on the 1996 charges has not yet started running because his direct appeal is still pending. He further argues there is clear merit to his claim of ineffective assistance of counsel in that action based upon counsel's failure to perfect the direct appeal. Petitioner fails to address why he did not exercise due diligence or timely seek state post-conviction or federal habeas review on such a claim within a year of the time for perfecting his state court appeal.

Petitioner also states he never received the copy of the April 13, 2005, order and judgment mailed to him by the clerk's office, and states he first became aware on June 6, 2005, of the dismissal of his petition.

Petitioner filed his motion more than ten days after judgment

---

[1]The order entered on April 13, 2005, referenced the delay between the notice of appeal filed in 1997 by appointed trial counsel from petitioner's conviction on the 1996 charges, and petitioner's 2004 filing of the instant petition. The April 13, 2005, order erroneously dated this seven year delay as starting in 1987 rather than 1997. The court hereby corrects this inadvertent error.

was entered in this matter, thus the motion is subject to being characterized as a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. *See* <u>Van Skiver v. U.S.</u>, 952 F.2d 1241 (10th Cir. 1991)(distinguishing motion to alter and amend judgment, Fed.R.Civ.P. 59(e), from motion for relief from judgment, Fed.R.Civ.P. 60(b)), *cert. denied* 506 U.S. 828 (1992).  However, the Tenth Circuit Court of Appeals has ruled that a 60(b) motion cannot be used to circumvent the restrictions imposed by AEDPA on the filing of a second or successive habeas petition.  <u>Lopez v. Douglas</u>, 141 F.3d 94, 975 (10th Cir. 1998). *See* 28 U.S.C. 2244(b)(3)(A)(before a second or successive petition for habeas corpus may be filed in the district court, the applicant must move  in the appropriate federal court of appeals for an order authorizing the federal district court to consider the petition).

Alternatively, because petitioner argues legal error in the judgment entered in this matter, and details delay in receiving notice of the April 13, 2005, order of dismissal, the court finds petitioner's motion also is subject to being liberally construed as an arguably timely request for additional time to file a notice of appeal.[2]  *See* <u>Jenkins v. Burtzloff</u>, 69 F.3d 460 (10th

---

[2]Rule 4(a)(5) of the Federal Rules of Appellate Procedure reads:  Motion for Extension of Time.
   (A) The district court may extend the time to file a notice of appeal if:
> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

Cir. 1995). This construction would be more consistent with petitioner's filing of a motion for leave to proceed in forma pauperis, presumably on appeal, notwithstanding petitioner's payment of the $5.00 district court filing fee.

Accordingly, petitioner is hereby notified that his "Motion for Hearing and/or Reconsideration" will be transferred to the Tenth Circuit Court of Appeals as a second or successive petition requiring Circuit certification unless petitioner supplements the motion to clarify that he is seeking additional time to file a notice of appeal from the order and final judgment entered in

---

        (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.
   (B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.
   (C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 10 days after the date when the order granting the motion is entered, whichever is later.

   Rule 4(a)(6) reads:
Reopening the Time to File an Appeal. The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
   (A) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier;
   (B) the court finds that the moving party was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry; and
   (C) the court finds that no party would be prejudiced.

this matter.

IT IS THEREFORE ORDERED that petitioner's "Motion for Hearing and/or Reconsideration" will be transferred to the Tenth Circuit Court of Appeals pursuant to 28 U.S.C. 2244(b)(3)(A) absent petitioner's supplementation of the motion within ten (10) days to indicate the pleading is to be construed as a motion filed under 4(a)(5) or 4(a)(6) of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

DATED:  This 16th day of June 2005 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge