IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


DAVID R. BROWN,

                        Petitioner,

            v.                              CASE NO. 05-3160-SAC

RAY ROBERTS, et al.,

                        Respondents.


O R D E R

     Petitioner, a prisoner incarcerated in El Dorado Correctional Facility in El Dorado, Kansas, proceeds pro se on a petition for writ of habeas corpus filed under 28 U.S.C. 2254.  The court dismissed the petition on April 13, 2005, as a time barred petition.  Petitioner subsequently filed a "Motion for Hearing and/or Reconsideration" (Doc. 8), dated and submitted on June 8, 2005.  In an order dated June 16, 2005, the court directed petitioner to clarify whether the motion included a request for additional time to file a notice of appeal, pursuant to Rule 4(a)(5) and 4(a)(6) of the Federal Rules of Appellate Procedure.  Having reviewed petitioner's timely response (Doc. 10), the court enters the following findings and order.

     Motion for Reconsideration

     Because petitioner filed his motion for reconsideration more than ten days after the entry of judgment, it is construed as a motion for relief under Rule 60(b).  Weitz v. Lovelace Health

System Inc., 214 F.3d 1175, 1178 (10th Cir. 2000). In the order dated April 13, 2005, the court cited Tenth Circuit authority for treating petitioner's 60(b) motion as a second or successive habeas petition, which would require transfer of the case to the Tenth Circuit Court of Appeals for authorization to allow this court to consider petitioner's motion. *See* Lopez v. Douglas, 141 F.3d 94, 975 (10th Cir. 1998)(a 60(b) motion cannot be used to circumvent the restrictions imposed on the filing of a second or successive habeas petition). *See also* 28 U.S.C. 2244(b)(3)(procedure for seeking authorization from court of appeals to file second or successive 2254 petition in district court).

However, the Supreme Court thereafter held that a motion for relief from judgment, challenging only a district court's ruling that petitioner's habeas petition was time barred, was not the equivalent of a "second or successive habeas petition" requiring a circuit court's authorization to consider and decide the motion. *See* Gonzalez v. Crosby, 125 S.Ct. 2641 (June 23, 2005). Accordingly, to the extent petitioner seeks relief from the judgment entered on April 13, 2005, transfer of petitioner's motion to the Tenth Circuit Court of Appeals as a second or successive petition is no longer required.

A Rule 60(b) motion is not a vehicle to reargue the merits of the underlying judgment, to advance new arguments which could have been presented in the parties' original motion papers, or as a substitute for appeal. Servants of Paraclete v. Does, 204 F.3d

2

1005, 1012 (10th Cir. 2000); <u>Cashner v. Freedom Stores, Inc.</u>, 98 F.3d 572, 576-77 (10th Cir. 1996).  Instead relief under Rule 60(b) is "extraordinary and may be granted only in exceptional circumstances."  <u>Amoco Oil Co. v. United States Environmental Protection Agency</u>, 231 F.3d 694, 697 (10th Cir. 2000).

In the instant case, the court dismissed petitioner's 2004 challenge to petitioner's 1981 and 1996 state court convictions, finding the petition was not filed within the one year limitation period imposed by 28 U.S.C. 2244(d)(1), and finding nothing warranting equitable tolling of that limitation period.  Not surprisingly, as petitioner states in his motion to clarify (Doc. 10) that he still has not seen a copy of the final order entered in this matter, petitioner presents nothing warranting relief under Rule 60(b).  Petitioner's motion for relief from judgment is denied.

<u>Motion to Clarify and for Additional Time to File Appeal</u>

Pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, petitioner had 30 days from the April 13, 2005, final order and judgment entered in this matter to file a notice of appeal.  Petitioner states he never received the copy of that order and judgment that was mailed to him by the clerk's office, and states he first became aware on June 6, 2005, of the dismissal of his petition.  Two days later he submitted his motion, as later clarified, for additional time to file a notice of appeal, and submitted a motion for leave to proceed in forma pauperis (Doc. 7) which the court liberally construes as a

3

request to proceed in forma pauperis on appeal.  Under these circumstances, where petitioner would not have obtained notice of the judgment from any other party, and where no prejudice resulting to any party is evident, the court finds it appropriate to reopen the time for petitioner to file an appeal. Fed.R.Civ.P. 4(a)(6).[1]  Pursuant to Rule 4(a)(6), petitioner must file a notice of appeal within fourteen (14) days of the date of this order.

IT IS THEREFORE ORDERED that petitioner's motion for relief from judgment (Doc. 8) is denied.

IT IS FURTHER ORDERED that petitioner's motion to reopen the time for filing a notice of appeal (Docs. 8 and 10) is granted, and that petitioner is granted fourteen (14) days from the date of this order to file a notice of appeal.

The clerk's office is to provide petitioner with a copy of

---

[1]Rule 4(a)(6) of the Federal Rules of Appellate Procedure reads:
> Reopening the Time to File an Appeal. The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
> (A) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier;
> (B) the court finds that the moving party was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry; and
> (C) the court finds that no party would be prejudiced.

the docket sheet in this case, and to resend to petitioner a copy of the order and judgment entered on April 13, 2005.

**IT IS SO ORDERED.**

DATED:  This 25th day of July 2005 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge